UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DERRICK DARON CLARK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-02208-TWP-MJD |
| | ) |
| DUSHAN ZATECKY Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on the Respondent's Motion to Dismiss, (Dkt. 12). Petitioner Derrick Daron Clark ("Mr. Clark") was convicted of murder, attempted murder, and carrying a handgun without a license in Madison County, Indiana, in 2002. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging that his trial attorney failed to adequately communicate a plea offer to him, (Dkt. 2). Mr. Clark acknowledges that this claim has not been reviewed by the state court because his requests to file a successive petition for post-conviction relief were denied by the Indiana Court of Appeals. (Dkt. 2 at 8-11.) He asserts that he is proceeding under 28 U.S.C. § 2244(d)(1)(D) because he received new evidence from the prosecutor in his case about the details of the plea offer. *Id*. at 13.

The Respondent argues the Petition must be denied because it is time-barred. In reply, Mr. Clark argues that his Petition is not untimely and that his procedural default should be excused because his conviction and sentence are a fundamental miscarriage of justice. For the reasons explained in this Order, the Respondent's Motion to Dismiss, (Dkt. 12), is **granted,** and Mr. Clark's Petition for a writ of habeas corpus, (Dkt. 2), is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

## I. <u>BACKGROUND</u>

After a jury trial, Mr. Clark was sentenced to life without parole. (Dkt. 12-1 at 7). He appealed directly to the Indiana Supreme Court which affirmed his sentence but ordered the trial court to amend the sentencing order due to the inclusion of an improper aggravating factor. (Dkt. 12-3.) The trial court amended the sentencing order on July 12, 2004, and Mr. Clark did not appeal. (Dkt. 12-1.)

Mr. Clark filed a petition for post-conviction relief on July 13, 2005. The post-conviction court denied the petition and the Indiana Court of Appeals affirmed. (Dkt. 12-5.) The Indiana Supreme Court denied his petition to transfer on April 23, 2009. (Dkt. 12-4.)

On January 24, 2020, Mr. Clark requested permission to file a successive petition for post-conviction relief. He argued that his post-conviction counsel was ineffective for missing a significant issue that was obvious on the face of the record and that his trial counsel was ineffective for inadequately conveying a plea offer.[1] (Dkt. 12-7.) In particular, he argued that his post-conviction counsel could have discovered the details of the plea deal with "minimal inquiry." (Dkt. 12-7 at 7.) He alleged that his trial counsel told him the State offered not to seek life without parole if he pled guilty, but his counsel recommended against pleading guilty. *Id*. at 9-11.

The Indiana Court of Appeals denied Mr. Clark's request to file a successive petition on February 19, 2020. (Dkt. 12-6.) Mr. Clark again requested permission to file a successive petition for post-conviction relief on March 30, 2020. (Dkt. 12-10.) He produced a letter from the former deputy prosecutor in his case and argued that it was newly discovered evidence. (Dkt. 12-10 at 13.) The Indiana Court of Appeals again denied Mr. Clark permission on April 30, 2020. (Dkt. 12-9 at 2.) He filed a petition for rehearing, arguing that although he knew of the State's plea offer

---

[1] Mr. Clark does not raise ineffective assistance of post-conviction counsel in his federal petition.

when it was made, he thought it was an offer to plead guilty to all charges, rather than just the murder. (Dkt. 12-10 at 5.) The Indiana Court of Appeals denied rehearing on June 25, 2020. (Dkt. 12-9 at 2.)

On August 21, 2020, Mr. Clark filed the instant Petition for a writ of habeas corpus, seeking federal collateral review of his conviction. (Dkt. 2.)

## II.  APPLICABLE LAW

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of Antiterrorism and Effective Death Penalty Act, revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such statute is 28 U.S.C. § 2244. Pursuant to 28 U.S.C. § 2244(d)(1), habeas petitioners have one year from the latest of four triggering dates to file their petition for a writ of habeas corpus in federal court. "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

The parties dispute which of § 2244(d)(1)'s triggering dates applies here. Mr. Clark contends that the latest triggering date is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). He argues that the triggering date for his claim is when he learned the details of the plea offer from the prosecutor earlier this year.

The Respondent argues that § 2244(d)(1)(A) applies because Mr. Clark could have discovered the factual predicate of his claim with due diligence before his conviction became final.

3

"Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

### III. DISCUSSION

Mr. Clark first argues that his petition is not untimely because he brought it within a year of receiving a letter from the former deputy prosecutor in his case which included details of a plea offer made to Mr. Clark's counsel before trial. But 28 U.S.C. § 2244(d)(1)(D) applies only when the factual predicate of a claim could not have been discovered through due diligence until after the challenged conviction became final.

Here, Mr. Clark knew of the plea when it was offered. He argues that he did not know the correct details of the plea at the time and did not discover them until a prison law clerk pointed him to an entry on his chronological case summary that prompted him to reach out to the former prosecutor. (Dkt. 13 at 2.) The Respondent argues persuasively that Mr. Clark could have reviewed his chronological case summary at any time and reached out to the former prosecutor for more information. Because he could have discovered the details of the plea offer through due diligence, he is not entitled to proceed under § 2244(d)(1)(D). *See Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013) (with due diligence, petitioners could have learned on the day of sentencing how long their term of mandatory supervised release was even though the length of the term was not discussed on the record).

Mr. Clark's petition is time-barred because his one-year limitations period expired in 2009 and he did not bring this petition until 2020. Mr. Clark's conviction and sentence became final on

4

August 11, 2004, when the time to appeal his amended sentence expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150(2012) (explaining that a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).  His statute of limitations tolled while his petition for post-conviction relief was pending between July 13, 2005 and April 23, 2009.  28 U.S.C. § 2244(d)(2).  His unsuccessful attempts to gain permission to file successive petitions were filed after his limitations period had expired and would not have tolled the statute if they had been filed earlier.  *See Martinez v. Jones*, 556 F.3d 637, 638–39 (7th Cir. 2009).

Mr. Clark argues in his reply that his trial counsel's ineffectiveness has resulted in a manifest injustice because he was sentenced to life without parole when he could have pled guilty and received a lesser sentence.  *Id*. at 5.  But the case that Mr. Clark cites in support of his claim makes clear that to overcome procedural default, a fundamental miscarriage of justice occurs when a "constitutional violation probably caused an innocent person to be convicted." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015).  Mr. Clark does not profess that he is innocent. To the contrary, he argues that he would have pled guilty.  Receiving a higher sentence than one thinks is fair is not a fundamental miscarriage of justice in this sense.

## IV.  CONCLUSION

Mr. Clark has not shown the existence of circumstances permitting him to overcome the expiration of the one-year time limitation, and hence is not entitled to the relief he seeks.  The Respondent's Motion to Dismiss, (Dkt. [12]), is therefore **GRANTED** and the Petition for Writ of Habeas Corpus, (Dkt. [2]), is **DISMISSED with prejudice**.  *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("[t]he dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice").

Judgment consistent with this Order shall now issue.

Because the Court has determined that Mr. Clark's petition is time-barred, the request for an evidentiary hearing contained in his response is denied.

## V. CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds (such as default), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The factual predicate of Mr. Clark's claim was available to him through due diligence before his conviction became final. His petition was filed beyond the expiration of the one-year statutory limitations period and he has not demonstrated that he is entitled to equitable tolling or that he is actually innocent. Jurists of reason would not disagree

6

with this Court's resolution of this claim and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

**SO ORDERED**.

Date: 12/8/2020

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Derrick Daron Clark, #113973
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL'S OFFICE
tyler.banks@atg.in.gov

Jesse R. Drum
INDIANA ATTORNEY GENERAL'S OFFICE
jesse.drum@atg.in.gov